WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janie Sue Bailey, | No. CV-22-01228-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | **NOT FOR PUBLICATION** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Janie Sue Bailey brings an Amended Complaint for Intentional Infliction of Emotional Distress against the City of Phoenix, and a First Amendment free speech civil rights claim against both the City of Phoenix and Lori Bays. (Doc. 5.) The Defendants have filed a Motion to Dismiss. (Doc. 8.)

**I.**

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id*. "[D]ismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

**II.**

Intentional Infliction of Emotional Distress ("IIED") is an Arizona common-law tort. A plaintiff must plead that "the conduct by the defendant was extreme and

outrageous." *Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516 (2005). "The trial court must determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (Ct. App. 1995). "A plaintiff must show that the defendant's acts were 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id*. (cleaned up). "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Id*. (cleaned up). The Amended Complaint does not allege any conduct by City of Phoenix personnel that rises to the level of extreme and outrageous behavior, as that concept is defined by Arizona law.

Next, Defendants' argument that the Amended Complaint fails to state a claim for First Amendment retaliation is well taken. The parties agree that *Pickering v. Board of Education*, 391 U.S. 563 (1968), and its progeny apply to Ms. Bailey's retaliation claim. To survive a motion to dismiss, a complaint must allege a *prima facie* case that includes well-pleaded facts that [i] the plaintiff spoke on a matter of public concern, [ii] that the speech was made by the plaintiff in her capacity as a citizen, as opposed to a government employee, and [iii] that the speech was a substantial or motivating factor in the adverse employment action. *See Connick v. Myers*, 461 U.S. 138 (1983); *Eng. v. Cooley*, 552 F.3d 1062 (9th Cir. 2009). The Amended Complaint falls far short of alleging well-pleaded facts that, if taken as true, state a plausible claim satisfying this inquiry. For example, the Amended Complaint, while offering a lengthy timeline of events, does not clearly articulate how Ms. Bailey's speech implicated a matter of public concern as opposed to her own personal circumstances. And it does not clearly demonstrate how Ms. Bailey's speech was made in a private context.

Finally, the Amended Complaint fails to state a *Monell* claim against the City of Phoenix for violating Ms. Bailey's free speech rights. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a plaintiff asserting a § 1983 claim against a

municipality can only recover if she shows that personnel acted pursuant to a policy or custom established by the entity's official policymakers. *Id.* at 694. As previously discussed, the Amended Complaint fails to articulate a plausible constitutional violation. Additionally, the Amended Complaint does not plausibly allege that the City of Phoenix has an official policy or custom enacted by policymakers that caused Ms. Bailey's alleged adverse employment action.

### III.

Ms. Bailey's response brief requests leave to amend. (Doc. 9 at 17.) Leave to amend should be freely given and the Court will permit her to file a Second Amended Complaint asserting her First Amended retaliation claim. The Court has sincere reservations that she can allege well-pleaded facts to support her IIED and *Monell* claims against the City of Phoenix. Despite these reservations, the Court will allow Ms. Bailey another attempt to re-assert claims for IIED and *Monell* liability. Given that Ms. Bailey will be provided leave to file a Second Amended Complaint, Defendant Bays may reserve her qualified immunity defense.

### IV.

Accordingly,

**IT IS ORDERED**:

1. The Motion to Dismiss (Doc. 8) is **granted** without prejudice. Should Plaintiff decide to file a Second Amended Complaint, she must do so no later than 7 days from the date of this Order.

2. The request for oral argument is denied as oral argument would not have significantly aided in the Court's determination of the issues.

Dated this 19th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge