WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janie Sue Bailey,<br><br>                    Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>                    Defendants. | No. CV-22-01228-PHX-MTL<br><br>**ORDER** |

Janie Sue Bailey sues her former employer, the City of Phoenix (the "City"), and Lori Bays, alleging intentional infliction of emotional distress and First Amendment free speech retaliation. The Court granted a Motion to Dismiss with leave to amend the Complaint. (Doc. 11.) Defendants move to dismiss the Second Amended Complaint with prejudice. (Doc. 14.) The Motion is fully briefed, and it will be granted.[1]

**I.**

The following well-pleaded facts come from the Second Amended Complaint and are taken as true.[2] Ms. Bailey began her employment with the City in February 2000. (Doc. 13 ¶ 9.) After 15 years of service, she became a senior human resources analyst in the City of Phoenix Aviation Department. (*Id*. ¶ 10.) Sometime in 2019, Ms. Bailey was assigned to investigate a report of sexual activity between two City employees in the airport terminal. (*Id*. ¶ 16.) Ms. Bailey interviewed M.C., who was one of the two employees

---

[1] The Court finds that oral argument will not aid in the decisional process and therefore Defendants' request for oral argument is denied.
[2] The Court is compelled to say that the Second Amended Complaint, particularly the factual allegations, is quite a mess.

subject to the report. (*Id*. ¶ 16.) M.C. filed a union grievance against Ms. Bailey alleging that she was not offered union representation when questioned. (*Id*. ¶ 17.) Senior human resources officials asked Ms. Bailey to stand down and the investigation was completed by other personnel. (*Id*. ¶ 19.) The allegations were substantiated, and the two employees were each suspended for five days. (*Id* ¶ 19.) Unbeknownst to Ms. Bailey, M.C. recorded their conversation and submitted a copy of the recording and a transcript with her grievance paperwork. (*Id*. ¶¶ 21, 23.) Ms. Bailey was reprimanded following an investigation conducted by Ms. Bays and other City personnel. (*Id*. ¶¶ 17-24.) She alleges that her reprimand was disproportionate to other employees in similar situations. (*Id*. ¶ 25.)

Later, Ms. Bailey was demoted in grade and job duties and reassigned to work at the City's downtown Phoenix human resources department. (*Id*. ¶ 69.) Ms. Bailey alleges that her demotion resulted from her blowing "the whistle on the City's conduct" in a separate litigation matter. (*Id*. ¶ 68.) Ms. Bailey disagreed with the strategy taken by the City Attorneys' Office, including her role as a deposition witness. (*E.g.*, *id*. ¶¶ 32, 40, 46, 48, 53.) Ms. Bailey alleges that the retaliation against her "forc[ed] her to resign." (*Id*. ¶ 68.)

## II.

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id*. "[D]ismissal . . . is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

## III.

### A.     Intentional Infliction of Emotional Distress

Count 1 of the Amended Complaint alleges a state-law claim against the City for intentional infliction of emotional distress. According to the Arizona Supreme Court:

> The tort of intentional infliction of emotional distress requires

> proof of three elements: "[F]irst, the conduct by the defendant must be "extreme" and "outrageous"; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct."

*Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516 (2005) (quoting *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987)).

Ms. Bailey's Second Amended Complaint contains several averments that she classifies as extreme and outrageous conduct. Included are allegations that she was the subject of disproportionate discipline and retaliation, City personnel failed to enforce certain policies and practices with respect to her employment, managers reduced her job duties, and that she felt pressured by City attorneys during deposition preparation.

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery . . . ." *Anthony v. United States*, — F. Supp. 3d —, 2022 WL 4781938, at *15 (D. Ariz. 2022) (quoting *Watts v. Golden Age Nursing Home*, 127 Ariz. 255, 619 P.2d 1032, 135 (1980)). To satisfy the extreme and outrageous threshold, "[a] plaintiff must show 'the defendant's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Oakry v. City of Tempe*, — F. Supp. 3d —, 2022 WL 4367606, at *8 (D. Ariz. Sept. 21, 2022) (quoting *Johnson v. McDonald*, 197 Ariz. 155, 160 (App. 1999)). "The conduct must fall '[a]t the very extreme edge of the spectrum of possible conduct.'" *Id.* (quoting *Watts*, 127 Ariz. at 258).

The Court finds that the Second Amended Complaint falls far short of satisfying the extreme and outrageous standard for intentional infliction of emotional distress. As noted, the Court credits Ms. Bailey's Second Amended Complaint allegations as true. In so doing, during the relevant period, Ms. Bailey perceived her employment status as stressful, uncertain, unfair and, perhaps, toxic. The facts alleged, however, do not resemble the type

of conduct that is "beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Johnson*, 197 Ariz. at 160. The facts, instead, resemble a work environment where human resources professionals are trying to manage a complex, multi-layered public agency and the attendant personnel challenges handled by most organizations. Ms. Bailey's supervisors and others may have behaved imperfectly. But the Second Amended Complaint does not present "extreme and outrageous" conduct by City personnel, as that concept has been formulated and applied by the Arizona state courts. *See Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) ("[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.") (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3rd Cir. 1988)). Count 1 will be dismissed.

### B. Federal Civil Rights Claims

#### 1. First Amendment Free Speech Retaliation

Count 2 asserts a claim under the Civil Rights Act, 42 U.S.C. § 1983, for free speech retaliation against the City and Ms. Bays. The Second Amended Complaint does not identify any protected speech or any speech that constitutes a matter of public concern. *See Connick v. Myers*, 461 U.S. 138 (1983); *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Ill.*, 391 U.S. 563 (1968). Nor does the Second Amended Complaint identify any speech falling outside the scope of Ms. Bailey's duties as a City employee. *See Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009). Thus, the Second Amended Complaint fails to state claims against the City and Ms. Bays for free speech retaliation.[3]

#### 2. *Monell* Liability

Count 2 also asserts a free speech retaliation claim against the City for what Ms. Bailey alleges is an established municipal policy or custom related to the retaliatory conduct. Under the doctrine established in *Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658 (1978), a municipality is subject to liability under § 1983 only

---

[3] The Court need not address Ms. Bays' qualified immunity argument because the Second Amended Complaint fails to state a free speech retaliation claim altogether.

if "a municipality's policy or custom caused a violation of the plaintiff's constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 992-93 (9th Cir. 2011).

The Second Amended Complaint alleges that "[t]he Defendant City had policies and procedures in place that Defendant Bays also knew, as manager, Bailey was supposed to follow." (Doc. 13 at ¶ 99.) It also contends that the City was "deliberately indifferent" to Ms. Bays' behavior. (*Id.* ¶ 97.) The Second Amended Complaint apparently theorizes that the City should be held liable under *Monell* because Ms. Bays failed to follow policy certain equal employment opportunity and ethics policies when retaliating against her. (*Id.* ¶¶ 97-100.)

The Second Amended Complaint does not allege any municipal policy or custom that caused the violation of Ms. Bailey's constitutional rights. Instead, it alleges that Ms. Bays failed to follow certain policies. Further, the Second Amended Complaint asserts boilerplate allegations, such as that the City was "deliberately indifferent" to Ms. Bailey's situation. All in all, this theory does not support a *Monell* claim. To the extent that Count 2 alleges a claim against the City, it will be dismissed.

**IV.**

Ms. Bailey amended her complaint early in this case in response to Defendants' first LRCiv 12.1(c) pre-motion meet-and-confer. (Doc. 3 at 2.) The Court's September 20, 2022 Order then identified substantial pleading deficiencies in each claim for relief and gave Ms. Bailey an opportunity to amend once more. Having found that the Second Amended Complaint fails to state any cognizable claims for relief, the Court now concludes that any further amendment would be futile. The Second Amended Complaint will be dismissed with prejudice.

…

…

…

…

V.

For all these reasons,

**IT IS ORDERED**:

1. The Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 14) is **granted**.

2. The Second Amended Complaint (Doc. 13) is dismissed with prejudice.

3. The Clerk of Court is instructed to enter judgment in Defendants' favor and close this case.

Dated this 10th day of February, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge